## THE COUNTY OF JOHNSON v. HUGHES.

1. NEGLIGENCE OF COUNTY TREASURER. Where a county treasurer neglected to cancel warrants upon receiving them, in the manner prescribed by law, and they were afterwards abstracted from his office, and again put in circulation, without fault or negligence on his part, it was held, that he was liable to the county for the amount thereof, on his official bond.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 4.

THE defendant was treasurer of Johnson county, and as such, executed the requisite bond. This action is brought thereon and several breaches are assigned. There was a general denial, and thereunder it was agreed that from the proper books there appeared to be due the county the sum of $600; that if such indebtedness occurred from such negligence of the defendant in the receiving or keeping of the county orders which came into his hands as such treasurer, as to make him liable, then judgment was to be entered for plaintiff in the sum aforesaid; otherwise for the defendant. Testimony was taken by a commissioner, and the following facts were found by the court:

1st. That the balance against the defendant is the result of an abstraction of county warrants to that amount, which abstraction was not occasioned by, nor contributed to, by the negligence of defendant.

2d. That it was the duty of defendant to cancel all warrants taken by him, that he failed to do this, and was thus guilty of negligence.    Judgment for plaintiff.    It was agreed that under the issue joined any and all legal testimony might be given the same as under any special plea.

*Clark & Brother* for the appellant, relied upon *Ross, School Fund Commissioner* v. *Hatch*, 5 Iowa 149.

*Fairall & Boal* for the appellee, contended that the case cited by appellant was not applicable to the case at bar.

WRIGHT, J.—Without reciting the conditions of the bond, it is sufficient to state that they were such as was required by the Code of 1851, § 324.   The petition alleges, that defendant did not exercise all or any reasonable care or diligence in the preservation and lawful disposal of all securities, or other property appertaining to his office ; that he did not promptly account for all balances of money remaining in his hands at the termination of his office, and that he did not pay over to the persons entitled thereto all money which came into his hands by virtue of his office.

As stated in the facts found by the court, it appears from the testimony that $600 of the county warrants received by the treasurer were abstracted or stolen from the vault connected with his office.   These warrants were deposited in their proper place, and in their mere preservation the defendant, it may be conceded, exercised reasonable care and diligence.   His liability was made to depend upon his failure to properly cancel such warrants, whereby after their abstraction they were again put in circulation and paid from the county funds.

These warrants were made payable to bearer, and by §
490 of the Code, it was the duty of the treasurer when re-
ceiving the same, to endorse on each, the amount for which
it was received, and the date thereof; and from that date
the warrant is to be regarded as cancelled and can not be
re-issued. The act of 1858, ch. 152, p. 319, § 44, in force
at the time these warrants were received, is substantially
the same as § 490 of the Code above recited. And it seems
to us most manifest that a failure to thus endorse and can-
cel the warrants received, is such neglect of duty; such
want of reasonable care and diligence as would make the
officer liable for loss to the county, occasioned thereby. It
can make no difference that this failure did not lead to the
abstraction of the warrants. If endorsed and cancelled and
deposited in the same place, they might have been stolen,
and the omission of the treasurer, it may be admitted, did
not contribute to expose the warrants, nor assist the theives
in reaching them. And yet all this admitted, the real ques-
tion involved is not reached. It was as much the duty of
the defendant to thus endorse these warrants as it was to
take proper care of them after their receipt. For while
they might have been stolen though thus cancelled there
would have been no loss. For if the treasurer had dis-
charged his duty, as required by the statute, these warrants
would have become the property of the county, would no
longer have had a value as negotiable paper, or othewise
than as vouchers in his hands to be used on settlement with
the county judge. Cases might arise where the treasurer,
after the exercise of all care and diligence, failed to make
this cancellation, and where he would therefore be excused.
We confess that we can hardly conceive of such a case, and
yet we would not say that it might not occur. The *onus* of
establishing such excuse, or showing such diligence, would be
upon the defendant of course. It is sufficient to say that
that nothing of the kind is shown in the present instance,

and we need not therefore determine a case based upon a possible state of facts.

But it is urged that by the ageerment defendant was only to be held liable for negligence in receiving or keeping the warrants; that there is no specific charge of a failure to thus endorse the warrants, and that therefore under the issue joined, the finding was erroneous. No objection was made that the breaches set out were not sufficiently specific, nor does it appear that any exceptions were taken to the testimony offered to establish the neglect or want of diligence as found by the court below. The language of the agreement shows, that the parties submitted as one of the issues to be tried, and the main one, "whether the indebtedness or any part thereof accrued from such negligence of the defendant in the receiving or keeping of the county orders which came into his hands as such treasurer, as to make him liable therefor on his official bond." In view of all these facts, we do not think the objection tenable when urged for the first time in this court. Not only so, but what possible negligence could there be in *receiving* these warrants, if not that which is here shown? What could the parties have intended, if not this failure to cancel the warrants at the time of their receipt? The indorsement is required by law to be made at the time the warrant is received, and it is not extending unfairly nor improperly the language used by the parties, to make it include the duty of endorsement as a part of the act of receiving.

The judgment is affirmed.